**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4244**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

SHONIKA GAIL ECKLES, a/k/a Nika,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00009-3)

Submitted: June 29, 2009          Decided: July 24, 2009

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Shonika Gail Eckles of conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, more than five kilograms of cocaine, and more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2006); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006); and possession with intent to distribute more than five grams of crack cocaine, in violation of § 841(a)(1). The district court sentenced her to a total of 262 months of imprisonment. Eckles' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether the evidence supported the jury's verdict and whether the sentence is reasonable. Eckles was informed of her right to file a pro se supplemental brief, but she did not do so. We affirm the convictions, vacate the sentence, and remand for resentencing.

Counsel first questions whether the evidence supported the jury's verdict, asserting that the witnesses lacked credibility. This court, however, "do[es] not weigh the evidence or assess the credibility of witnesses, but assume[s] that the jury resolved any discrepancies [in the testimony] in favor of the government." United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007), cert. denied, 128 S. Ct. 1917 (2008).

2

Moreover, our review of the trial testimony convinces us that substantial evidence supported the jury's verdict on each count. See Glasser v. United States, 315 U.S. 60, 80 (1942) (providing standard); United States v. Reid, 523 F.3d 310, 317 (4th Cir.) (discussing elements of § 846 offense), cert. denied, 129 S. Ct. 663 (2008); United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005) (discussing elements of offense of possession with intent to distribute). We therefore affirm Eckles' convictions.

Counsel next questions whether Eckles' 262-month sentence is reasonable. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 596-97. We then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and made "an individualized assessment based on the facts presented." Id. at 597; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any

3

variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

While Eckles' appeal was pending, the Supreme Court decided Kimbrough v. United States, 552 U.S. 85, __, 128 S. Ct. 558, 575 (2007) (holding that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case"). Eckles' counsel preserved the Kimbrough issue for appellate review by asking the district court to consider a sentence below the advisory guidelines range in light of the crack-to-powder cocaine sentencing disparity and Eckles' circumstances. Although counsel does not raise specifically a Kimbrough issue on appeal, we may raise the issue sua sponte pursuant to Anders. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

Because Eckles preserved her Kimbrough claim, the Government bears the burden of showing that the error in applying the crack-to-powder ratio in a mandatory fashion did not affect her substantial rights. United States v. Rodriguez,

4

433 F.3d 411, 416 (4th Cir. 2006) (discussing harmless error standard of review); see Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."). "The Government can . . . show[] [an error is harmless] if the sentencing court indicated that it would not have imposed a lesser sentence under an advisory (rather than a mandatory) [g]uidelines regime." United States v. Sullivan, 455 F.3d 248, 266 (4th Cir. 2006). We find that the error is not harmless because there is nothing in the record to suggest that the district court would have imposed the same 262-month sentence had the district court had the benefit of Kimbrough and Gall at the time of sentencing. See id. Accordingly, we vacate the sentence and remand for resentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED